IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                              *
HBCU PRO FOOTBALL, LLC,
                              *
     Plaintiff,               *
                              *
        v.                            CIVIL NO.: WDQ-10-0467
                              *
NEW VISION SPORTS PROPERTIES, *
LLC, et al.,
                              *
     Defendants.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

HBCU Pro Football, LLC ("HBCU") sued New Vision Sports Properties, LLC ("NVSP"); CSTV Networks, Inc. d/b/a CBS Sports College Sports Network ("CSTV"); and Victor Pelt for breach of contract and other claims in the Circuit Court for Baltimore City. Before New Vision and Pelt had been served, CSTV removed the case to this Court on the basis of diversity. HBCU has moved to remand on the ground that CSTV's removal violated the "rule of unanimity." For the following reasons, the motion will be denied.

I.   Background

HBCU--a Maryland limited liability company ("LLC") headquartered in Baltimore--produces televised broadcasts of

football games involving historically black colleges and universities. Compl. ¶¶ 2, 11. CSTV--a Delaware corporation headquartered in New York City--broadcasts college sporting events. *Id*. ¶¶ 3, 13. Pelt, a citizen of California, owns NVSP, a California LLC headquartered in San Ramon, California. *Id*. ¶¶ 2, 4, 14. NVSP is "in the business of broadcasting" college sporting events, apparently including brokering broadcast deals between producers and broadcasters, and soliciting advertising that appears during the broadcasts. *See id.* ¶¶ 12, 14, 19.

HBCU alleges that, while acting as agents for CSTV, Pelt and NVSP entered into a contract with HBCU for the broadcast of three college football games. *Id*. ¶¶ 26-28. HBCU promised to provide recorded broadcasts of three games and to pay NVSP and CSTV a $50,000 broadcast fee. *Id*. ¶¶ 28-29. In exchange, NVSP promised to give HBCU 80 percent of the gross advertising revenues. *Id*. ¶ 29. HBCU alleges that it performed its obligation, and NVSP and CSTV did not. *Id*. ¶ 34, 36. It also contends that NVSP and Pelt knowingly misrepresented their status as agents of CSTV. *Id*. ¶ 58-60, 65-70.

On January 15, 2010, HBCU sued Pelt, NVSP and CSTV for breach of contract, intentional misrepresentation, and unjust

enrichment in the Circuit Court for Baltimore City.[1]  Paper No. 2.  CSTV was served on January 28, 2010, and--before the other defendants had been served--removed to this Court on February 26, 2010.  Paper No. 1.  Pelt and NVSP were served on March 3, 2010.  Paper Nos. 9, 10.  On March 25, 2010, HBCU moved to remand.  Paper No. 12.

II. Analysis

    A. Removal Under 28 U.S.C. § 1441

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending."  To remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading.  28 U.S.C. § 1446(a)-(b) (2006).  The removing party has the burden of proving subject matter jurisdiction.  *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).  Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and

---

[1] Only Pelt and NSVP were named in the intentional misrepresent-tation count; only CSTV was named in the unjust enrichment count.

all doubts must be resolved in favor of remanding the case to state court. *Id*.

   B.  HBCU's Motion to Remand

   HBCU contends that the case must be remanded because CSTV removed without first obtaining the consent of the other defendants, thereby violating the "rule of unanimity," which usually requires all defendants to join the petition for removal. *See Jackson v. Roseman*, 878 F. Supp. 820, 826-27 (D. Md. 1995). CSTV counters that the other defendants' consent was not necessary because they had not been served at the time of the removal.[2]

   "Defendants . . . who are unserved when the removal petition is filed need not join it." *Getty Oil Corp. v. Ins. Co. of N. America*, 841 F.2d 1254, 1262 n.9. (4th Cir. 1988); As Judge Motz of this Court has explained:

> [T]he rule is that only those defendants who have been served must file or join in a timely removal petition.

---

[2] In its Reply, HBCU argues that CSTV's argument is untimely because it was not asserted in its Notice of Removal. The removing party must explain a co-defendant's failure to join in the notice. *See Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999); 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.11(d) (3d ed. 1997) ("[T]he notice of removal should expressly indicate why one or more defendants have not joined[.]"). Paragraph 8 of CSTV's Notice indicates why its co-defendants had not joined: "The other two defendants in this action [NVSP] and . . . Pelt, have not yet been served in the State Court Action. The consent of these defendants to removal is therefore not required at this time." Not. of Removal ¶ 8.

4

> Defendants who have not been served or upon whom service was not perfected prior to removal may be served after the case has been removed to federal court, in accordance with the federal rules. The previously unserved defendants may then move to remand if they prefer a state court venue.

*Gee v. Lucky Realty Homes, Inc.*, 210 F. Supp. 2d 732, 736 (D. Md. 2002).[3]

HBCU argues that *Barbour v. International Union*, 594 F.3d 315 (4th Cir. 2010), eliminated this exception to the rule of unanimity by adopting the so-called "last-served defendant rule." Under that rule, in a multiple defendant case, each defendant:

> upon formal service of process, [has] thirty days to file a notice of removal . . . . Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that a notice of removal must have the unanimous consent of the defendants.

*Id*. at 320.

HBCU appears to contend that *Barbour* required NVSP and Pelt (the last-served defendants) to file notices of removal or consent to HBCU's removal within 30 days of March 3, 2010 (the date they were served). HBCU argues that their failure to do so requires remand. HBCU cites--and the Court has found--no

---

[3] *See also, e.g., Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) ("[A] defendant who has not been served need not consent to removal."); *Jones v. Houston Independent School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (same); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (same).

5

authority for this proposition. *Barbour* offers no instruction on cases removed before all defendants have been served. *Barbour* explains that the last-served defendant rule "preserv[es] the rule that a notice of removal must have the unanimous consent of the defendants" by permitting defendants whose time for removal has lapsed to join a removal petition by a later-served defendant. *See id*. at 319-20.[4]

---

[4] Under 28 U.S.C. § 1448:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal . . . such process may be completed or new process issued in the same manner as in cases originally filed in such district court.
>
> *This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.*

*Id*. (emphasis added). As the Third Circuit has explained:

> [Section 1448] contemplates that once a case has been properly removed, the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion. The statute itself [§ 1448] contemplates that after removal process or service may be completed on defendants who had not been served in the state proceeding. The right which the statute gives to such a defendant to move to remand the case confers no rights upon a plaintiff.

*Lewis v. Rego*, 757 F.2d 66, 69 (3d Cir. 1985).

6

Because CSTV's co-defendants had not been served at the time of removal, their failure to join the notice is not a basis for remand.  Accordingly, HBCU's motion will be denied.


July 14, 2010                              _____/s/_____
Date                                       William D. Quarles, Jr.
                                           United States District Judge